Carriage Hill v. Hayden          CV-96-101-SD  05/07/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Carriage Hill Health Care, Inc.

_____v.                              Civil No. 96-101-SD

Christopher Hayden;
Benco Dental Supply Co.

O R D E R

In this diversity action for misappropriation of trade secrets, plaintiff Carriage Hill alleges that its former employee, Christopher Hayden, wrongfully misappropriated confidential information about Carriage Hill's customers.  Before the court are (1) a renewed motion for summary judgment filed by defendants Hayden and Benco Dental Supply Company, to which plaintiff objects; (2) defendants' motion to amend their counterclaim, to which plaintiff objects; (3) plaintiff's motion for leave to file motion to dismiss defendants' counterclaim, to which defendants object; (4) plaintiff's motion to dismiss defendants' counterclaim, to which defendants object; and (5) defendants' motion to strike, to which plaintiff objects.


Background

The background of this action was outlined in this court's order of April 30, 1997, and will not be repeated here.

## Discussion

### 1. Defendants' Renewed Motion for Summary Judgment (document 58)

Defendants first seek summary judgment on the ground that Carriage Hill did not engage in sufficient efforts to maintain the secrecy of its trade secrets. Under New Hampshire law, a trade secret must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." New Hampshire Revised Statutes Annotated (RSA) 350-B:1, IV(b). "Precautions to maintain secrecy may take many forms, including physical security designed to prevent unauthorized access, procedures intended to limit disclosure based upon the 'need to know,' and measures that emphasize to recipients the confidential nature of the information . . . ." RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39 cmt g (1995).

Defendants basically claim that Carriage Hill did nothing to limit employees' access to trade secrets. No password was required to access the computer files containing the customer information, and no records were kept when employees removed customer files from the file cabinet. Defendants make the unsupported contention that, as a matter of law, trade secrets are not the subject of reasonable efforts to maintain secrecy when employees enjoy such unlimited access. However, this is not the law because "efforts that are reasonable under the

2

circumstances" is a flexible concept.  Lorin Gill, president of Carriage Hill, describes Carriage Hill's efforts to protect the trade secrets as follows:

> Carriage Hill's proprietary information . . . was kept in a part of Carriage Hill's office not accessible to visitors, and was made available only to employees.  When the office was closed, the building was locked.  While employees' uses of such information were not precisely monitored, all employees were informed that this information was not to be discussed or disseminated outside the company and were informed of the importance of its secrecy to Carriage Hill.

Affidavit of Lorin P. Gill ¶ 15, Exhibit A attached to Plaintiff's Objection to Defendant's Renewed Motion for Summary Judgment.

In a small business such as Carriage Hill (comprising Gill and four employees), it may have been reasonable to allow the employees unlimited access to the confidential information for the performance of their jobs as long as the they were instructed to maintain the secrecy of the information.  One court has noted, "Confidentiality measures are sufficient if, under all the circumstances, the employee . . . knows or has reason to know that the owner intends or expects the secrecy of the type of information comprising the trade secret to be maintained." Northwest Airlines v. American Airlines, 853 F. Supp. 1110, 1115 (D. Minn. 1994).  Thus the court concludes that it is a jury

3

question whether Carriage Hill employed reasonable efforts to maintain secrecy of its trade secrets.

Next, defendants seek summary judgment on the ground that Carriage Hill has insufficient evidence of misappropriation of its trade secrets, which is an essential element of its case. However, in its April 30, 1997, order, this court already held that there was sufficient evidence of misappropriation to survive summary judgment. Defendants have presented no reasons for this court to reconsider that ruling.

Lastly, defendants seek summary judgment on the ground that Carriage Hill has not produced sufficient evidence of damages caused by the alleged misappropriation. RSA section 350-B:3, I, provides in pertinent part:

> Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.

As the court understands this section, summary judgment on the issue of damages is rarely, if ever, appropriate in a trade secrets case. Even if the plaintiff cannot establish that the misappropriation caused the plaintiff actual loss or the defendant unjust enrichment, "a reasonable royalty" still may

4

serve as the measure of damages.  Accordingly, the court finds that Carriage Hill has met its minimal burden of proving damages because, if nothing else, Carriage Hill will be entitled to a reasonable royalty for use of its trade secrets.

### 2.  Defendants' Motion to Strike (document 66)

Defendants have moved to strike the affidavit of Timothy DeLaune on the ground that he is not an expert in the subject matter of his affidavit.  However, the court did not rely on the DeLaune affidavit in denying summary judgment, and defendants' motion to strike thus is moot.

### 3.  Defendant's Motion for Leave to File Amended Counterclaim (document 59)

Defendants have also moved to amend their counterclaim. "to add certain facts that have come to light during the investigation and discovery of Plaintiff's claims."  Defendants' Memorandum at 3, attached to Motion for Leave to File Amended Counterclaim.  Under Rule 15, Fed. R. Civ. P., at this stage of the proceedings, the pleadings may be amended "only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The court finds that justice requires granting defendants leave to amend their

5

counterclaim.  The amended counterclaim (submitted in conjunction with defendant's Feb. 2, 1998, motion for leave to file same) shall be docketed by the clerk of court as of this date.

## 4.  Plaintiff's Motion for Leave to File Motion to Dismiss (document 60); Plaintiff's Motion to Dismiss Counterclaims (document 56)

Plaintiff has moved for leave to file a motion to dismiss defendants' counterclaims.  Such motion is hereby granted. However, since many of plaintiff's arguments in the motion to dismiss may be rendered moot by defendants' amendments to their counterclaim, plaintiff is hereby granted thirty (30) days to file a new motion to dismiss addressing defendant's amended counterclaim if it so chooses, in which case defendants shall have 30 days to respond.  If plaintiff chooses not to file a new motion, the court will consider the currently pending motion to dismiss the counterclaim as a motion to dismiss the amended counterclaim and will rule on it accordingly.

## Conclusion

For the foregoing reasons, defendants' renewed motion for summary judgment (document 58) is denied; defendants' motion for leave to amend counterclaim (document 59) is granted; plaintiff's

6

motion for leave to file motion to dismiss (document 60) is granted; ruling on plaintiff's motion to dismiss defendants' counterclaim (document 56) is deferred; and defendants' motion to strike (document 66) is denied as moot.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 7, 1998

cc:   Bradford W. Kuster, Esq.
      Francis X. Quinn, Jr., Esq.

7